**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVIS AUTOMOTIVE GROUP, INC. ) <br> t/a BMW CLEVELAND, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. <br><br> **COMPLAINT** <br> **AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties Kymberly Saba ("Saba"), Avery Wieder ("Wieder"), and Ronald Wesley ("Wesley"). As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Davis Automotive Group, Inc. t/a BMW Cleveland, subjected Saba, then age 52, to unlawful discrimination by refusing to hire her because of age, and discharged Wieder, then age 67, and Wesley, then age 70, because of age.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. Venue is proper in the U.S. District Court for the Northern District of Ohio under

28 U.S.C. § 1391(b) because the alleged unlawful employment practices were committed within this judicial district.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA, and is expressly authorized to bring this action under Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Davis Automotive Group, Inc. t/a BMW Cleveland ("Defendant") has continuously been a for-profit corporation, incorporated in Ohio and doing business in Solon, Ohio, Cuyahoga County, and has continuously had at least twenty employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

8. Defendant is a for-profit corporation located in Solon, Ohio, which operates an automobile dealership, specializing in the sale, lease, and service of new and used BMW

automobiles.

### *Kymberly Saba*

9. Defendant also operates a Customer Call Center and in the fall of 2016, it advertised for an individual to oversee the Customer Call Center.

10. From approximately May, 2015 until May, 2016, Kymberly Saba worked for Defendant as a Service Advisor, functioning as the liaison between the customer and the mechanics. In May, 2016, she voluntarily left her employment.

11. In late 2016, Defendant's then Service Manager and Saba's former supervisor, recommended to Defendant that it re-hire Saba to oversee Defendant's newly created Customer Call Center.

12. Pursuant to the Service Manager's recommendation, Defendant's then General Manager, Peter Mapp, interviewed Saba, sent her for a drug screen, which she passed, and offered her the position with a start date in early December, 2016.

13. In preparation for her new position with Defendant, Saba resigned her current employment.

14. After receiving her job offer, Saba attempted to contact Mapp several times in preparation for her start date, and Mapp ignored all her contacts.

15. Not hearing anything from Mapp, Saba reached out to Defendant's owner, Jeff Davis, who also failed to contact Saba.

16. During this timeframe, Saba, then age 52, learned that Defendant had hired a less qualified individual, age 32, for the position.

17. The performance of the younger, less qualified individual for the position proved problematic from the very beginning, resulting in Defendant removing from her all supervisory

duties, reassigning to her receptionist duties, and allowing her to remain employed.

18. Neither Davis nor Mapp ever returned Saba's emails and telephone calls.

### *Ronald Wesley and Avery Wieder*

19. Defendant employs sales personnel, referred to as Client Advisors, whose job function includes selling or leasing as many automobiles as possible. To achieve this goal, the Sales Advisors must develop and maintain relationships with customers.

20. Ronald Wesley joined Defendant as a Client Advisor in November, 2011, whose duties included selling and leasing new BMW automobiles.

21. Wesley met or exceeded his goals throughout his employment with Defendant.

22. Avery Wieder joined Defendant as a Client Advisor in August, 2012, whose duties included selling and leasing new BMW automobiles.

23. At least as early as March 2016, when Defendant hired Peter Mapp as General Manager and July, 2016 when Defendant hired Marty Sharp as General Sales Manager, and continuing to the present, Defendant sought to create a more youthful work environment, discouraging the employment of older individuals and hiring less qualified individuals in their twenties and thirties.

24. Defendant, through its employees and in the presence of managers, remarked to Wesley and Wieder on numerous occasions and on a continuing basis, that they had been around since Ford created the automobile, that they were too old to relate to millennial customers, that they were too set in their ways, that they were too old to do their jobs, and addressed them as Waldorf and Statler (the older Muppets from the balcony).

25. On October 19, 2017, Defendant terminated Wesley, then age 70, and Wieder, then age 67, the oldest Client Advisors in the Sales Department. At the time of their termination,

Defendant offered no reason for their termination.

26. At the time of their termination, Wesley and Wieder were performing their jobs in accordance with Defendant's expectations.

27. Over the next several months, Defendant continued to hire Client Advisors, most of them in their twenties and thirties, and all with less experience.

## CAUSES OF ACTION

### I. Unlawful Failure to Rehire Saba

28. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-18.

29. Defendant subjected Saba to unlawful discrimination by failing to rehire her to oversee the Customer Call Center because of her age, 52, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

30. The effect of the practices complained of in Paragraphs 28-29, above, has been to deprive Saba of equal employment opportunities and otherwise adversely affect her status as an applicant or employee because of age.

31. The alleged unlawful employment practices complained of in Paragraphs 28-30, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### II. Unlawful Termination of Wesley and Wieder

32. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-8, 19-27.

33. Defendant subjected Wesley to unlawful discrimination by terminating him because of his age, 70, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §626(b).

34. Defendant subjected Wieder to unlawful discrimination by terminating him

because of his age, 67, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §626(b).

35. The effect of the practices complained of in Paragraphs 32-34, above, has been to deprive Wesley and Wieder of equal employment opportunities and otherwise adversely affect their status as employees because of age.

36. The alleged unlawful employment practices complained of in Paragraphs 32-35, and above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in employment practices that discriminate on the basis of age, including but not limited to discharging/non-rehiring any individuals because of such individuals' age.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against any individual who engages in protected activity under the ADEA, including but not limited to Saba, Wesley, and Wieder.

C. Order Defendant to make whole Saba, Wesley, and Wieder by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendant to pay Saba, Wesley, and Wieder liquidated damages for its willful conduct described in Paragraphs 1-36, above, in an equal sum as the appropriate back pay award.

E. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals age 40 and over and which eradicate the effects of its past and present unlawful employment practices, including but not limited to (1) the institution of effective anti-discrimination policies and complaint procedures; and (2) mandatory training on age discrimination and retaliation for all supervisory and non-supervisory employees.

F. Order Defendant to submit to a reasonable period of monitoring by EEOC during which Defendant shall provide periodic reports to EEOC identifying (1) all individuals age 40 and over who are discharged/non-rehired by Defendant, Defendant's reason for its discharge/non-rehire decision, and the age and qualifications of any persons hired for the discharged/non-rehired individuals' positions; and (2) all complaints or observations of alleged age discrimination and/or retaliation for engaging in protected activity under the ADEA that are received by Defendant and any corrective actions taken in response to those complaints or observations.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award EEOC its costs of instituting this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C.

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/
DEBRA LAWRENCE
Regional Attorney, Philadelphia District Office

/s/
KATE NORTHRUP
Supervisory Trial Attorney, Baltimore Field Office
kate.northrup@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Tel. (410) 209-2722

/s/
MELANIE M. PETERSON
Senior Trial Attorney, Philadelphia District Office
melanie.peterson@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Tel. (267) 589-9759