LEGAL/126599115.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 1:19-cv-02257 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) ) | **ANSWER** |
| DAVIS AUTOMOTIVE GROUP, INC. t/a BMW CLEVELAND, | ) ) ) | (Demand for Jury Trial) |
| Defendant. | ) | |

Defendant Davis Automotive Group t/a BMW Cleveland, by and through undersigned counsel, and in response to Plaintiff's Complaint, hereby states as follows:

1. Defendant denies the allegations contained in the "NATURE OF THE ACTION" section contained on page 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in paragraphs 1 through 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 through 5 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in paragraphs 6 through 7 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in paragraphs 11 through 12 of Plaintiff's Complaint.

9. Defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies same.

10. Defendant denies the allegations contained in paragraphs 14 through 19 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraphs 21 through 27 of Plaintiff's Complaint.

13. In response to paragraph 28 of Plaintiff's Complaint, Defendant restates and incorporates its responses to paragraphs 1 through 18 as stated above as if fully rewritten herein.

14. Defendant denies the allegations contained in paragraphs 29 through 31 of Plaintiff's Complaint.

15. In response to paragraph 32 of Plaintiff's Complaint, Defendant restate and incorporates its responses to paragraphs 1 through 8 and paragraphs 19 through 27 as stated above as if fully rewritten herein.

16. Defendant denies the allegations contained in paragraphs 33 through 36 of Plaintiff's Complaint.

17. Defendant denies each and every allegation contained in Plaintiff's Complaint not expressly admitted to be true herein.

### AFFIRMATIVE DEFENSES

18. Defendant claims all of the defenses afforded by Federal law.

19. The allegations in the Complaint fail to state claims upon which relief can be granted.

20. The allegations in the Complaint are barred by the applicable statutory and/or contractual limitations period.

21. Any decisions and/or actions taken by Defendant towards and/or in regards to Kymberly Saba, Avery Wieder and Ronald Wesley were due to reasonable factors other than age.

22. Any decisions and/or actions taken by Defendant towards and/or in regards to Kymberly Saba, Avery Wieder and Ronald Wesley were due to lawful business necessity.

23. Avery Wieder and Ronald Wesley violated Defendant's polices and procedures.

24. Avery Wieder and Ronald Wesley failed to exhaust administrative, internal and other remedies.

25. Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley have failed to mitigate damages, if any.

26. Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley's alleged damages are speculative and remote.

27. The claims for damages in the Complaint are subject to limitations under Federal law.

28. The claims for punitive damages must be denied as they are barred by federal law and Defendant did not willfully violate the law with respect to the treatment of Kymberly Saba,

Avery Wieder and Ronald Wesley, and any actions taken by Defendant regarding Kymberly Saba, Avery Wieder and Ronald Wesley were taken in good faith in accordance with its internal policies and were not wantonly with malicious and bad faith handle recklessly and different to Kymberly Saba, Avery Wieder and Ronald Wesley's protected rights.

29. Any award of punitive damages would be grossly excessive and would violate the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution as well as the Age Discrimination in Employment Act.

30. Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley are not entitled to recovery of costs and attorneys' fees.

31. Defendant is entitled to an offset by any subsequent earnings and/or benefits received by and any damages caused by Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley.

32. Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley claims may be foreclosed and damages may be limited by After Acquired Evidence Doctrine.

33. Defendant did not behave in a unlawfully discriminatory manner as Defendant behaved in accordance with its policies and procedures, and in accordance with appropriate lawful business reasons.

34. The alleged claims contained in the Complaint are barred in whole or in part by the equitable doctrine of waiver estoppel (and judicial estoppel), latches, consent, release, ratification, and/or unclean hands.

35. The alleged claims in the Complaint are barred due to Kymberly Saba, Avery Wieder and Ronald Wesley's misrepresentations of their own conduct and/or their failure to disclose material facts.

36. Any injury, damage or loss which may have been sustained by Kymberly Saba, Avery Wieder and Ronald Wesley, was caused by their own misconduct or the misconduct of another and not by the act or omission of Defendant.  Alternatively, because Kymberly Saba, Avery Wieder and Ronald Wesley's own conduct is greater than that act or omission of Defendant, any amount which Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley may be entitled to recovery against Defendant must be reduced by the amount of damage to be attributable to Kymberly Saba, Avery Wieder and Ronald Wesley's own misconduct.

37. Defendant's actions were at all times governed by legitimate good faith business considerations that are consistent with applicable law and were not based on any unlawful factors.

38. Defendant's actions with respect to Kymberly Saba, Avery Wieder and Ronald Wesley  were based upon one or more legitimate non-discriminatory/non-retaliatory business reasons.  Accordingly, even if it were discriminatory, retaliatory, intent present (and there was not) Defendant would have made the same decision with respect to Kymberly Saba, Avery Wieder and Ronald Wesley's alleged employment, irrespective of such intent.

39. At all times Defendant acted in good faith toward Kymberly Saba, Avery Wieder and Ronald Wesley.

40. Defendant's actions were not extreme or outrageous or for any ulterior purpose or motive.

41. Kymberly Saba, Avery Wieder and Ronald Wesley did not suffer any adverse employment action.

42. There is no factual or legal basis for declaratory, injunctive or equitable relief against Defendant.

43. To the extent that Defendant is found liable to Plaintiff and/or Kymberly Saba, Avery Wieder and Ronald Wesley, Defendant is entitled to contribution and indemnity from other parties and/or third parties.

44. To the extent that Defendant is found liable, Defendant's liability should be apportioned under applicable Federal law.

45. This Defendant reserves the right to amend and/or modify this answer and raise any and all affirmative defenses which become known upon the completion of discovery in this action.

WHEREFORE, Defendant Davis Automotive Group, Inc. having answered the allegations contained in Plaintiff's Complaint respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant may go hence without delay and recover its costs herein incurred.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
By: /s/ Keith Hansbrough
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3800
Fax: (216) 344-9006
Email: khansbrough@mdwcg.com
        jldinehart@mdwcg.com
*Counsel for Defendant*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

By: /s/ Keith Hansbrough
KEITH HANSBROUGH (0072671)
*Counsel for Defendant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: */s/ Keith Hansbrough*
KEITH HANSBROUGH (0072671)
*Counsel for Defendant*
